UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4598

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY BILLINGS, a/k/a Tony,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-04-27)

Submitted: May 18, 2006                    Decided: May 25, 2006

Before WIDENER, WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Travis R. Fitzwater, LAW OFFICE OF TRAVIS R. FITZWATER, Morgantown, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Billings pled guilty to distributing crack cocaine within 1000 feet of a playground, in violation 21 U.S.C. § 841(a)(1) (2000), and was sentenced after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), to 360 months imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the issues of whether the district court plainly erred in denying as moot Billings' motion to withdraw his guilty plea and whether the court plainly erred in determining Billings' relevant conduct. Billings has also filed a pro se supplemental brief challenging the district court's determination of his relevant conduct.

We find that Billings' guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. The record discloses that Billings was properly advised of his rights, the offense charged, the maximum sentence for the offense, and the mandatory minimum sentences applicable. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Although Billings initially moved to withdraw his guilty plea, he later withdrew the motion after informing the court that

he merely wished to withdraw his stipulation as to drug quantity, and was allowed to do so. Accordingly, we find no plain error in the district court's acceptance of Billings' guilty plea.

At sentencing, the district court concluded that Billings was responsible for a total of 239.7 grams of crack cocaine, based on the testimony of several witnesses. This resulted in a base offense level of 38 under U.S. Sentencing Guidelines Manual § 2D1.1 (2004). The court also increased Billings' offense level by two levels for possession of a firearm, USSG § 2D1.1(b)(1), and by one level because the offense occurred near a protected location, USSG § 2D1.2(a)(2).

This court reviews the district court's factual findings in support of sentencing enhancements for clear error. See United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002); United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Further, this court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not ordinarily review credibility determinations. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Applying this standard, we find the district court did not err in determining the drug quantity attributable to Billings for sentencing purposes. Further, because the court recognized the guidelines to be advisory, it properly made findings at sentencing by a preponderance of the evidence. See United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir.

2005)(<u>Booker's</u> remedy demonstrates that judicial fact finding by a preponderance of the evidence is unconstitutional only when it results in a mandatory increase in the defendant's sentence); <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005) (same).

Billings' sentence was both within the guideline range of 360 to 480 months, and within the statutory maximum of forty years imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(C) (2000). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006) (No. 05-4270).

In accordance with <u>Anders</u> we have reviewed the entire record in this case and have found no meritorious issues for appeal. Counsel has moved to withdraw from further representation. We deny the motion at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

- 4 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED